# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3139

_____

| | | |
|---|---|---|
| In re: Odom Antennas, Inc. | * | |
| | * | |
| Debtor. | * | |
| | * | |
| _____ | * | |
| | * | |
| Lori Holloway; James Holloway, | * | |
| | * | |
| Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Internal Revenue Service; | * | |
| Candy Stevens; The Law Offices of | * | |
| Brad Hendricks; M. Randy Rice, | * | |
| Trustee for the Bankruptcy Estate of | * | |
| Odom Antennas, Inc., | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: April 18, 2003

Filed: August 25, 2003

_____

Before LOKEN, Chief Judge, HANSEN and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Lori Holloway and James Holloway (collectively Holloways) appeal the district court's[1] affirmance of an adverse bankruptcy court[2] decision. We affirm.

## I.   BACKGROUND

The trustee for the bankruptcy estate of Odom Antennas, Inc. (Odom) brought an adversary proceeding in the Bankruptcy Court for the Eastern District of Arkansas to determine the priority of liens in proceeds remaining from an authorized sale of Odom's real estate. The trustee listed the Holloways, the Internal Revenue Service (IRS), and Candy Stevens (Stevens), among others, as persons having a possible interest in the sale proceeds. The Holloways answered and asserted cross-claims against the IRS and Stevens, claiming the bankruptcy court should disallow or subordinate both the IRS's lien for pre-petition, non-compensatory tax penalties (IRS's lien) and Stevens's judgment lien for punitive damages (Stevens's lien).

Upon joint stipulated facts, the bankruptcy court (1) denied the Holloways' motion for partial summary judgment, (2) found the IRS and Stevens held superior liens, and (3) ordered the trustee to disburse the proceeds to Stevens and the IRS for their secured claims. The bankruptcy court determined the Holloways could not use 11 U.S.C. § 502(d) (2000) to disallow the IRS's lien and Stevens's lien because no judicial order to turn over property existed. The bankruptcy court also determined the Holloways could not proceed under 11 U.S.C. § 724(a), because section 724(a) only allows the trustee, not other interested parties, to avoid liens securing pre-petition, non-compensatory tax penalties and punitive damages. Further, the bankruptcy court concluded the Holloways could not equitably subordinate the IRS's lien and Stevens's lien under 11 U.S.C. § 510(c), because the record did not indicate any

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

[2]The Honorable Robert F. Fussel, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.

misconduct by the IRS or by Stevens. The Holloways appealed the bankruptcy court's decision to the district court. The district court affirmed.

The Holloways appeal, contending (1) the Holloways can object and disallow the IRS's lien and Stevens's lien under 11 U.S.C. § 502(d); (2) section 510(c) subordinates the IRS's and Stevens's liens to the Holloways' claim; (3) the payment of Stevens's lien and the IRS's lien violated the Holloways' Fifth, Eighth, and Fourteenth Amendment rights, and (4) the bankruptcy court improperly dismissed the Holloways' cross-claims. We affirm.

## II.   DISCUSSION
### A.   Sections 502(d), 724(a) and 726(a)(4)

Both the IRS and Stevens hold perfected liens. Neither has received property from a transaction that is voidable under the sections identified in section 502(d), that is, sections 522(f), 522(h), 544, 545, 547, 548, 549, and 724(a). See 11 U.S.C. § 502(d). The Holloways argue they may proceed under section 502(d) to avoid the liens, because the trustee did not attempt to avoid the tax penalty or the punitive damages judgment under section 724(a).

Contrary to the Holloways' position, the purpose of section 502(d) is to ensure compliance with judicial orders. See In re Davis, 889 F.2d 658, 661 (5th Cir. 1989). The language of section 502(d) expressly provides that the entity's claim is not disallowed if the entity or transferee "paid the amount, or turned over any such property, for which such entity or transferee is liable." 11 U.S.C. § 502(d). This language indicates section 502(d) should be used to disallow a claim after the entity is first adjudged liable; otherwise, the court could not determine if the exception applies. Davis, 889 F.2d at 661-62 (observing "[t]he legislative history and policy behind section 502(d) illustrate[] that the section is intended to have the coercive effect of insuring compliance with judicial orders" and section 502(d) "is designed to be triggered after a creditor has been afforded a reasonable time in which to turn

over amounts adjudicated to belong to the bankruptcy estate"). The Holloways do not possess judicial orders requiring the turnover of voidable transfers, and section 502(d) does not provide affirmative relief. In re Parker N. Am. Corp., 24 F.3d 1145, 1155 (9th Cir. 1994) (noting "[s]ection 502(d) operates to disallow claims of transferees who do not surrender their avoidable transfers. It does not compel the surrender, nor permit affirmative relief of any kind.").

The Holloways still assert any party in interest can disallow a claim pursuant to section 502(d). However, "section 502(d) makes clear that its provisions are exclusive as to the kinds of situations it describes." 4 Lawrence P. King, et al., Collier on Bankruptcy ¶ 502.05[3] (15th ed. rev. 2003). Collier further explains section 502(d) applies when the trustee successfully pursues an action "under section 724(a) to 'avoid a lien that secures a claim of a kind specified in section 726(a)(4).'" Id. ¶ 502.05[1]. Section 724(a) states "[t]he trustee may avoid a lien that secures a claim of a kind specified in section 726(a)(4) of this title." 11 U.S.C. § 724(a). Section 726(a)(4) subordinates any allowed claim, "whether secured or unsecured, for any . . . penalty . . . or punitive damages, arising before the earlier of the order for relief or the appointment of a trustee, to the extent that such . . . penalty . . . or damages are not compensation for actual pecuniary loss suffered by the holder of such claim," to certain other claims. Id. § 726(a)(4). Taken together, sections 724(a) and 726(a)(4) allow the trustee, not a third party, to avoid a lien to the extent the lien secures the claim for a penalty or for punitive damages.[3]

---

[3]We intimate no opinion whether a creditor may pursue a derivative action on behalf of the bankruptcy estate when the trustee declines to pursue such action. See Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery, 330 F.3d 548, 552-53, 580 (3d Cir. 2003) (allowing the Official Committee of Unsecured Creditors to pursue, on behalf of the bankruptcy estate, a fraudulent transfer claim after the debtor in possession declined to pursue the claim).

In Hartford Underwriters Ins. Co. v. Union Planters Bank, 530 U.S. 1, 6 (2000), the Supreme Court held that only a trustee was entitled to use section 506(c). Section 506(c) uses the language: "[t]he trustee may recover . . . ." 11 U.S.C. § 506(c). The court reasoned (1) a statute designating a particular party empowered to act is "the least appropriate in which to presume nonexclusivity;" (2) the trustee has "a unique role in bankruptcy proceedings" making it more plausible "Congress would provide a power to [the trustee] and not to others"; and (3) had Congress intended the provision to be broader, it could simply have done so. Hartford Underwriters, 530 U.S. at 6-7. The Hartford Underwriters reasoning, by analogy, makes eminent sense for interpreting sections 502(d) and 724(a).

We further recognize that allowing the Holloways to use section 502(d) to disallow the IRS's and Stevens's liens would permit the Holloways to accomplish indirectly what they could not accomplish directly through section 724(a). Section 502(d) does not provide the Holloways with a convenient substitute for section 724(a).

### B.    Section 510(c)

Section 510(c) allows equitable subordination. The Supreme Court has already rejected the notion that a bankruptcy court can subordinate a tax penalty merely because the claim is a tax penalty. See United States v. Reorganized CF&I Fabricators of Utah, Inc., 518 U.S. 213, 228-29 (1996); United States v. Noland, 517 U.S. 535, 540-43 (1996). Further, the Holloways do not allege or argue the IRS or Stevens has engaged in inequitable conduct. The Holloways also do not explain how any equities favor subordination for their benefit. Section 510(c) equitable subordination is not appropriate in this case.

### C.   Other Claims

The Holloways argue the payment of punitive damages and tax penalties violates their Fifth, Eighth, and Fourteenth Amendment rights. Other than conclusory statements, the Holloways do not demonstrate how their rights are affected. The Holloways also claim the bankruptcy court erred by failing to grant them leave to file cross-claims *sua sponte*. The Holloways again make only conclusory arguments without any legal or factual bases. See Fed. R. App. P. 28(a). We find no error relating to any of these contentions. See 8th Cir. R. 47B.

## III.   CONCLUSION

For the foregoing reasons, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.